# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT BEENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case no. 4:09cv0651 TCM |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court[1] on two motions to dismiss the amended complaint for failure to state a claim, see Fed.R.Civ.P. 12(b)(6): one by defendant members of the Board of Police Commissioners[2] (collectively referred to as the "Board members"), Sergeant Larry Davis, and Officer Patrick Welch; and one by the City of St. Louis ("the City"). [Docs. 20, 27] The Board members, Davis, and Welch also seek dismissal on Eleventh Amendment grounds.

## Background

Plaintiff alleges in his first amended complaint that Davis and Welch questioned him without cause one evening in October 2008 about "drug activity" in a building in his neighborhood. (Compl.[3] ¶¶ 10, 15-16.) After Plaintiff denied any knowledge of such

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]The named individual members are Bettye Battle-Turner, Julius K. Hunter, Todd H. Epsten, and Vincent J. Bommarito.

[3]References to "Compl." are to the first amended complaint.

activity, Davis called him a liar and threatened to harm him. (Id. ¶ 17-18.) He was taken by the two officers to the edge of a bluff overlooking the Mississippi River and beaten. (Id. ¶¶ 19-21, 24-25, 29.) The two officers also threatened to push Plaintiff off the bluff and to shoot him. (Id. ¶¶ 23, 25-27.) Plaintiff was then released and was never arrested or charged with a crime. (Id. ¶ 30-32.)

Plaintiff alleges in Count I that Davis and Welch are individually liable for assault and battery; in Count II that Defendants are liable under § 1983 for a violation of his Fourth Amendment rights; in Count III that the intentional assault and battery was done with such indifference and disregard as to entitle him to exemplary damages; in Count IV that the City and the Board members are liable for their failure to train, supervise, and discipline the two officers; in Count V[4] that it is the "policy and practice of the City of St. Louis to authorize police officers, including [Davis and Welch], to cover up the use of excessive force and unlawful detention of persons" and that the Board members encouraged and tolerated this policy and practice; and in Count VI that the City's and the Board members' failure to adequately train, discipline, and supervise their officers constitutes a willful and wanton indifference to Plaintiff's civil rights.[5] Davis and Welch are each sued in their individual and official capacities. (Id. ¶ 7.) The Board members are sued only in their official capacities.

---

[4]This Count is erroneously labeled "Count VI."

[5]Although Plaintiff refers to "Defendants" in each count, he explains in his response to the motion to dismiss filed by the Board members, Davis, and Welch that the Board members and the City are named only in Counts IV, V, and VI.

The Board members, Davis, and Welch argue that they cannot be sued in their official capacities because (a) none are "persons" under § 1983 when sued in such capacity and (b) the members are immune under the Eleventh Amendment from suit in their official capacities. The City argues that it should be dismissed because (a) Plaintiff impermissibly seeks to hold it liable under § 1983 under the doctrine of respondeat superior and (b) the City does not operate or control the Police Department or the Board. Plaintiff opposes both motions.

## Discussion

"'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of her "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" **Benton v. Merrill Lynch & Co.**, 524 F.3d 866, 870 (8th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Ashcroft v. Iqbal**, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Id.** (citing Twombly, 550 U.S. at 556). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." **Id.** "Where a complaint pleads facts that

are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" **Id.** (quoting Twombly, 550 U.S. at 557). This standard reflects "two working principles." **Id.** "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." **Id.** "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." **Id.** at 1950. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." **Id.** When applying this standard, the Court generally assumes to be true the factual allegations in the complaint and construes those allegations in favor of the plaintiff. **Data Mfg., Inc. v. United Parcel Serv., Inc.**, 557 F.3d 849, 851 (8th Cir. 2009).

The Board Members. The Board members argue that the claims against them, which are only in their official capacities, must be dismissed based on the holding of the Missouri Supreme Court in **Smith v. State**, 152 S.W.3d 275 (Mo. 2005) (en banc), that the Board is a state agency. Thus, the members argue, they are entitled to Eleventh Amendment immunity.

This Court's agreement with this position in another case was rejected by the Eighth Circuit Court of Appeals in **Thomas v. St. Louis Bd. of Police Comm'rs**, 447 F.3d 1082 (8th Cir. 2006). In that case, the court held that the Supreme Court's decision in **Auer v. Robbins**, 519 U.S. 452, 456 n.1 (1997), rejecting the Board's assertion of sovereign immunity and its own similar holding in **Gorman v. Easley**, 257 F.3d 738, 741-45 (8th Cir.

2001) (discussing the Kansas City Board of Police Commissioners, created by the same set of Missouri statutes as is the Board and as was at issue in Smith), rev'd on other grounds sub nom. Barnes v. Gorman, 536 U.S. 181 (2002), mandated a conclusion that the St. Louis Board of Police Commissioners "is not protected by Eleventh Amendment immunity." **Id.** at 1087. The court further held that, although "[r]ecent developments in Missouri law appear to have eroded the Eleventh Amendment analyses in Auer and Gorman," it was for the Supreme Court to overrule Supreme Court precedent. **Id.** at 1086. The Board does not cite to any such decision.

Thus, under the clear admonition of the Eighth Circuit, the Court declines to find, as urged by the Board, that its members are entitled to Eleventh Amendment immunity under **Smith**.

The Board members also attempt to distinguish Thomas on the grounds that that case did not address, and does not control, the question whether an entity is a "person" under § 1983. Citing **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 71 (1989), and **Alsbrook v. City of Maumelle**, 184 F.3d 999, 1010 (8th Cir. 1999), the Board members argue that they are not "persons" as required under § 1983 because the Board is a state agency. Both cases held that a *state* and its agencies are not "persons" within the meaning of § 1983. The members misapprehend the holding in Thomas. The Eighth Circuit held in that case that the Supreme Court's ruling in **Auer**, 519 U.S. at 456 n.1, that the Board of Police Commissioners for the City of St. Louis was not an "arm of the State" for purposes

of the Eleventh Amendment controlled the issue of the Board members' liability under § 1983 regardless of the subsequent Missouri Supreme Court's ruling in Smith.

In support of their argument that Thomas does not apply, the Board members quote the sentence in **Will**, 491 U.S. at 66, that the scope of the Eleventh Amendment and the scope of § 1983 are separate issues. The next sentence, however, reads that the court declines to adopt a reading of § 1983 that disregards the scope of the Eleventh Amendment. 491 U.S. at 66-67. The Board members' argument would have the Court do just that.

And, the question in **Alsbrook**, 184 F.3d at 1010-11, was whether members of an Arkansas law enforcement commission could be held individually liable under § 1983 for allegedly discriminating against the plaintiff. In both Will and Arkansas, the defendants at issue were unquestionably state actors.

The holding of Thomas is the Missouri Supreme Court's ruling in Smith does not abrogate the holding of Auer that the Board members my be held liable under § 1983. For the foregoing reasons, the Court is unpersuaded that the holding in Thomas does not require the denial of the Board members' motion to dismiss.[6]

Because the arguments of Davis and Welch are those of the Board members, their request that the claims against them in their official capacities be dismissed will also be

---

[6]The Board members also argue that the seizure and assault and battery claims against them must be dismissed. As they note in their reply memorandum, however, Plaintiff has clarified that the Board members are not named as defendants in those counts. The Board defendants also take issue with what appear to be duplicate claims in Counts I and III and in Counts IV and VI, arguing that the claims for actual damages should not be pled in a separate count from claims for punitive damages. They do not cite any authority stating that the appropriate response for such is the dismissal of the "duplicative" count.

denied. See **Johnson v. Bd. of Police Comm'rs**, 370 F.Supp.2d 892, 898 (E.D. Mo. 2005) (rejecting claim of City of St. Louis police officer that she cannot be sued in her official capacity under § 1983 and finding that holding in Auer trumped officer's reliance on Will to support her claim).

City of St. Louis. The City moves to dismiss on the grounds that (a) it does not control or operate the Police Department or the Board and (b) it cannot be held liable under § 1983 under a theory of respondeat superior. The Court agrees.

In **Crigler v. City of St. Louis, Mo.**, 767 F. Supp. 197, 200 (E.D. Mo. 1991), the court held that the division of authority between the City and the Board outlined in Mo.Rev.Stat. § 84.010 "indicates that neither the City nor its agents possess the authority to make official policy concerning the actions of the Board of Police Commissioners or individual police officers." Consequently, the court held, the City could not be liable under § 1983 as a matter of law "as an official policy maker responsible for approving or condoning the actions of the police officers who allegedly beat the plaintiff." **Id.** Accord **Otten v. Schicker**, 492 F. Supp. 455, 456 n.2 (E.D. Mo. 1980).

Plaintiff argues that the holding in **Johnson**, 370 F.Supp.2d at 901, requires a different result. In that case, however, the court declined to dismiss the City when the allegations were that City and Police Department acted "*in concert pursuant to a policy or persistent, common, and well-settled practice and custom*" of driving homeless people from downtown

area.  There is no such allegation in the instant case of the City acting in concert with the Board.

The City also argues that Plaintiff's allegations of a failure to train and supervise are unavailing because it cannot be held liable under the doctrine of respondeat superior under § 1983.  The City is correct.  See **Hughes v. Stottlemyre**, 454 F.3d 791, 798 (8th Cir. 2006) ("'[I]t is well settled that § 1983 does not impose respondeat superior liability.'") (quoting Crawford v. Davis, 109 F.3d 1281, 1284 (8th Cir.1997)) (alteration in original).

### Conclusion

For the foregoing reasons, Plaintiff's claims against the Board members, Davis, and Welch will not be dismissed.  His claims against the City will be.  Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of the four members of the Board of Police Commissioners, Sergeant Larry Davis, and Officer Patrick Welch is **DENIED**.  [Doc. 20]

**IT IS FURTHER ORDERED** that the motion to dismiss of the City of St. Louis is **GRANTED**.  [Doc. 27]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  17th  day of December, 2009.